IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | No. 5:19-CR-50054-001 |
| | ) | |
| KRISTOPHER STILL | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the defendant, **Kristopher Still**, by undersigned counsel, and does hereby respectfully move this Court for a downward variance from the current advisory guideline imprisonment range of 151 to 188 months to a sentence of 72 months' imprisonment on receipt of child pornography. Defense counsel anticipates that the length of time necessary for the sentencing hearing should not exceed one hour.

**PRELIMINARY CONCLUSION**

A significant downward variance from the current guideline range, followed by a term of supervised release, is sufficient but not greater than necessary to effectuate the purposes of punishment under 18 U.S.C. § 3553(a). Mr. Still scored one criminal history point and his prior offenses involve relatively minor offenses, such as not wearing a seatbelt and failing to appear on a speeding ticket. Mr. Still was abandoned by his father, suffered a brain abscess, and has resided with his mother for his entire life. This is a non-contact offense, but the advisory guideline suggests a sentencing range that is unreasonably high—151 to 188 months' imprisonment based upon a total offense level of 34, and a criminal history category of I. The guideline that applies, U.S.S.G. § 2G2.2, is flawed, is not based on empirical evidence, and results in offenders receiving nearly every enhancement. Thus, an application of the 18 U.S.C. § 3553(a) factors, viewed in

conjunction with the infirmities surrounding the guideline, warrants a significant downward variance from the advisory guideline sentence.

## PROCEDURAL BACKGROUND

Mr. Still was arraigned on a five-count indictment on July 3, 2019.  On August 16, 2019, Mr. Still pleaded guilty to Count Two of the Indictment, charging him with receipt of child pornography.  The final Presentence Investigation Report ("PSR") was filed on November 6, 2019.  (Doc. 21).  The PSR concluded that Mr. Still's advisory guideline sentencing range is 151-188 months' imprisonment based on a total offense level of 34 and a criminal history category of I.  (PSR ¶ 95).  The Government filed one objection to the PSR and Mr. Still filed two objections.  All objections have been resolved by revisions made to the final PSR.  Sentencing is set for January 9, 2020.

## FACTS

Mr. Still is 43 years old and he presents as mentally immature.  His childhood was free from abuse, but his father abandoned him and he never had contact with his father.  His only real support system was his mother. Mr. Still was often engaged in a fantasy world through role playing via computer games, in which he would spend hours playing these games each day.  Mr. Still had a brain abscess approximately 10 years ago and has a visible scar from the surgery in his frontal lobe.  While it is unknown what effect, if any, this may have had on the current behavior, it is notable that Mr. Still is 43 with no prior serious criminal history.

The offense of conviction is serious and Mr. Still recognizes this.  He admitted to his conduct when questioned by police and did not attempt to hide anything from them.

**ARGUMENT**

I. **Given the Nature and Circumstances of Mr. Still's Offense and His History and Characteristics, the Sentence Requested is Sufficient, But Not Greater Than Necessary, to Satisfy the Purposes of Sentencing.**

Since 2005, the guidelines have been considered advisory, and are now just one of several criteria a sentencing court considers when imposing a sentence. *United States v. Booker,* 543 U.S. 220, 223 (2005). The process a sentencing court must follow since *Booker* involves three steps; first, it must determine the appropriate advisory sentencing range, then examine the propriety of a traditional departure under the guidelines, and finally consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether to vary from the guidelines. *See United States v. Garlewicz*, 493 F.3d 933, 937 (8th Cir. 2007). Mr. Still agrees that the advisory range of 151 to 188 months, based on a total offense level of 34 and a criminal history category of I, has been correctly calculated. Although Mr. Still is not seeking a traditional departure, he believes a significant downward variance from the advisory range is warranted in his case.

A. **Application of the 18 U.S.C. § 3553(a) Factors**

18 U.S.C. § 3553(a) begins with the mandate that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." These sentencing purposes can be satisfied by sentencing Mr. Still well below the guideline range and a term of supervised release. As discussed below, the child-pornography guidelines tend to recommend sentences that are greater than necessary in most cases, and the instant case is no exception. Many of the enhancements are inherent in the conduct itself. For example, without enhancements for the use of the computer, the sadistic depictions in the images, and the age of the minors depicted in the images, his total offense level would be 26, which would

correspond with a guideline range of 63-78 months. He seeks a sentence of 72 months' imprisonment, the middle of the guideline range if these enhancements did not apply.

1) **Nature and Circumstances of the Offense**

The offense of receipt of child pornography is serious. It is a felony and it involves the victimization of children. He recognizes that there are a number of images found on his computer. However, several of the enhancements are inherent in the offense itself. Child pornography is received via the computer, the images are sadistic in nature because it is child pornography, and the material rarely contains images of only older minors. Mr. Still has accepted responsibility for his conduct and cooperated with officials when confronted. When the federal arrest warrant was executed, he waived his *Miranda* rights, admitted his conduct, and explained where he received the images.

2) **History and Characteristics of the Defendant**

Mr. Still is a 43-year-old man who has always resided with his mother. His father abandoned them shortly after Mr. Still was born and Mr. Still does not know his father. He has always worked at menial jobs, with Kentucky Fried Chicken being the longest place of employment. He had an abscess in his frontal lobe that was removed approximately 10 years ago. The undersigned was unable to retrieve the records as they were not maintained by the hospital, and therefore the undersigned cannot determine its effect on Mr. Still.

Mr. Still has one criminal history point, but he has no prior serious criminal conduct, nor allegations of such. There is nothing in his history to show that he has harmed a child. Mr. Still engaged in a fantasy life, fueled by role-playing computer games. He had conversations with others, in which he would discuss this fantasy role playing. The discussions were not based on actual occurrences and Mr. Still has not had any sexual contact with minors. This recent criminal

conduct is an anomaly.  Mr. Still's Mother was shocked by this uncharacteristic conduct because he has always been a kind and caring individual.  Mr. Still has since read many of the victim statements and he is deeply remorseful and saddened by his conduct in perpetuating the victimization of minors.

### 3)  Need for Just Punishment in Light of the Seriousness of the Offense

Any offense involving the exploitation of children is serious, but Mr. Still has not touched a child.  Mr. Still is asking the Court to find that a significant downward variance from the guideline range is reasonable under the circumstances of his case.  Without the enhancements for use of a computer, age of the minor, and the sadistic nature of the images, he would be at a level 26, resulting in a guideline range of 63 to 78 months.  A sentence of 72 months' imprisonment, in the middle of that range, is requested.

Any sentence that involves the loss of complete liberty is a sentence that promotes respect for the law.  A 72-month sentence will provide a lengthy punishment for someone whose longest time in jail before now was 30 days.  This sentence will be followed by supervised release, which will require him to adhere to strict conditions.  Additionally, Mr. Still must register as a sex offender, which will be public information available to anyone.  As the Eighth Circuit has recognized, collateral consequences of a conviction, such as registration as a sex offender and loss of reputation, are relevant to the "need" for the sentence to reflect just punishment.  *United States v. Garate*, 543 F.3d 1026, 1028-29 (8th Cir. 2008).  Because he will be a registered sex offender, he will have difficulty in finding a place to live and employment after he is released from prison.  For someone who has never been incarcerated longer than 30 days, his time at the Washington County Detention Center ("WCDC") has left a deep impression on him.  A sentence well below

file:///S:\Still_Kristopher_2019_250\FPD\Still%20Sent%20Memo.docx

the guideline range, followed by a term of supervised release, would comport with the notion that sentences should promote respect while at the same time being just.

### 4) Adequate Deterrence; Protect the Public

Mr. Still will have been removed from the community for approximately 6 months by the time he is sentenced. The PSR notes that he had no disciplinary issues during his stay at the WCDC. (PSR ¶ 79). By imposing 72-month sentence and a term of supervised release, the Court would be able to monitor Mr. Still strictly. He would be prevented from accessing the internet without permission and could be directed to participate in mental health treatment to prevent re-offending. The suggested sentence meets these sentencing purposes.

### 5) Medical Treatment, Vocational Training, Education, or Correctional Treatment

Mr. Still plans to obtain job skills and has requested information from the undersigned about different prisons. He is interested in obtaining skills in welding, HVAC, or in diesel mechanics so that he can be a productive member of society upon his release. He also recognizes that he needs mental health treatment. A term of supervised release after prison is sufficient to ensure that Mr. Still continues to seek treatment if deemed necessary, and would allow the Court to monitor any risk he may present to the public in the future.

### 6) The Need to Avoid Unwarranted Sentencing Disparities

In Mr. Still's case, a sentence within the advisory guideline range is unreasonable. A sentence of 72 months is warranted by the facts of the case, and would address all the goals of sentencing.

## II. U.S.S.G. § 2G2.2 is Not Based Upon Empirical Evidence and Its Application Results in a Sentence That is Greater Than Necessary to Satisfy the Purpose of Sentencing.

The advisory guideline range is only one factor a sentencing court must consider. When a guideline is not the product of empirical data and national experience, it is not an abuse of

6

discretion to conclude that it yields a sentence greater than necessary to achieve § 3553(a)'s purposes. *United States v. Kimbrough*, 552 U.S. 85, 110 (2007). The particular guideline at issue in this case has been subject to criticism in several courts around the country based largely on the fact that they were not based on empirical research.

While Mr. Still concedes that several enhancements under § 2G2.2 are applicable based upon the facts of his case, this does not preclude the argument that the Court should reject or give less weight to this particular guideline (and the enhancements found to be applicable thereunder) based on policy grounds. When specific offense enhancements are found to apply in nearly every case, they do not effectively serve their intended purpose, which is to differentiate among defendants with varying levels of culpability. The enhancements for material involving prepubescent minors, use of a computer, and sadistic images apply in nearly every case to which § 2G2.2 applies.

Enhancements that apply in almost every case are contrary to the purpose of enhancements, which are meant to increase a sentence for conduct that exceeds the typical offense. The Sentencing Commission confirms that sentencing enhancements that originally were intended to provide additional proportional punishment for aggravating conduct now apply to the vast majority of offenders, so that the current guideline does not adequately distinguish among offenders regarding their culpability. U.S. Sent'g Comm'n, *Report to the Congress: Federal Child Pornography Offenses* (2012) ["*Child Porn Report*"], at xi & 323.

It is apparent that these enhancements do not differentiate a particular defendant's behavior from other defendants who are convicted of child-pornography offenses. Instead, these specific offense characteristics describe conduct that is essentially inherent to the crime itself rather than aggravating factors that indicate a more serious offense or a higher risk of danger from a defendant.

*See, e.g.*, *United States v. Kelly*, 868 F. Supp. 2d 1202, 1208-09 (D.N.M. 2012) (discussing the failure of § 2G2.2 in satisfying goals of sentencing).  Accordingly, Mr. Still asks that the Court find that a guideline sentence based upon enhancements that are essentially already a part of the base offense level is inappropriate in his case.

## CONCLUSION

Mr. Still's conduct can be addressed by a sentence of 72 months' imprisonment, followed by supervised release.  Such a sentence addresses all of the § 3553(a) factors, and is in keeping with the parsimony principle.  It also takes into account the issues identified with the guideline that produced the advisory range, a guideline that is out of touch with technology, and produces sentencing ranges that do not accurately classify offenders by their degrees of culpability.  In Mr. Still's case, a 72-month sentence is warranted.

WHEREFORE, Mr. Still respectfully requests this Court to grant a significant downward variance from the advisory guideline range, followed by a term of supervised release.

Respectfully submitted,

BRUCE D. EDDY
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

By:  /s/ *Anna M. Williams*
Anna M. Williams
Assistant Federal Public Defender
Office of the Federal Public Defender
112 W. Center St., Suite 300
Fayetteville, AR 72701
(479) 442-2306

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Carly Marshall and Aaron Jennen, Assistant United States Attorneys, and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants: none.

                                      /s/ *Anna M. Williams*
                                      Anna M. Williams
                                      Assistant Federal Public Defender